IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

*******

| | |
|---|---|
| RDO EQUIPMENT CO., a corporation authorized to do business in the State of Montana,<br><br>    Plaintiff,<br><br>-v-<br><br>CHIEF CONSTRUCTION SPECIALTIES, INC., a Montana corporation, and GREAT AMERICAN INSURANCE COMPANY INC., an Ohio corporation authorized to do business in Montana,<br><br>    Defendants. | CV 09-38-H-CCL<br><br><br><br><br><br>ORDER |

*******

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended

Complaint or, in the Alternative, Motion for Summary Judgment (Doc. 7).

Plaintiff opposes the Motion. The Motions came on for hearing on March 10, 2010. Mr. Bruce Spencer argued for Plaintiff, and Mr. Mark Etchart argued for Defendant Great American Insurance Company Inc. The Court, having heard the arguments of the parties and having considered and reviewed their briefs, is prepared to rule.

**BACKGROUND:**

At issue in this action are construction equipment lease agreements between Chief Construction Specialties, Inc. ("CCS") and RDO Equipment Co. ("RDO").

Plaintiff's Amended Complaint alleges that in 2005, CCS entered into contracts to lease or rent construction equipment from RDO. CCS also entered into a contract to purchase 18 pumps, a generator, and a trailer from RDO in 2005. In January, 2008, CCS contracted to rent an excavator and a compactor from RDO. RDO believes that all of this equipment was used substantially for the purpose of performing work on municipal projects, namely a water system improvement project in the Town of Sheridan, Montana (the "Sheridan Project"),

and a municipal fish hatchery rehabilitation project in the Town of Story, Wyoming (the "Story Project"). RDO further alleges that CCS is in default on its agreements in the amount of $385,958.08, although RDO seeks reimbursement for a lesser sum, $227,863.02, representing the rental costs of equipment for the period used by CCS on the Projects.

Defendant Great American Insurance Company Inc. ("Great American") is the issuer of surety bonds for both the Sheridan Project and the Story Project. Under the terms of the surety bonds, Great American is required to pay all persons who supply the contractor and subcontractors with provisions, provender, material, or supplies for work on the projects.

Plaintiff RDO sues Great American on the surety bonds and seeks a declaratory judgment in the amount of $187,441.80 for the Sheridan Project and in the amount of $40,421.22 for the Story Project, for a total amount of $227,863.02. Plaintiff alleges in its Amended Complaint that it has complied with all statutory requirements to collect under the bonds.

**LEGAL STANDARD:**

Great American has submitted a Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., and in the alternative a Motion for Summary Judgment. In examining the pleadings, the Court finds that RDO has filed an Amended Complaint based upon a cognizable legal theory (declaratory judgment on the surety bond) that is supported by an adequate factual allegation that Plaintiff has complied with all statutory requirements to collect under the bonds. Because it appears that the Amended Complaint is sufficient to withstand a Rule 12(b)(6) challenge, the Court turns to the legal standard for summary judgment.

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. Once the moving party meets this burden, the

non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The Court does not make credibility determinations or weigh conflicting evidence, but instead draws all inferences in the light most favorable to the non-moving party. *T.W. Electric Service, Inc. v. Pacific Electric Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987).

**DISCUSSION:**

Turning then to the primary dispute between the parties, which focuses on the Montana and Wyoming's statutory contractor notice requirement, the Court notes that the parties have a fundamental disagreement in their view of the roles of and relationship between Defendant CCS and a non-party to this suit, Big Chief, Inc. ("Big Chief"). The parties are not even in agreement as to which entity, CCS or Big Chief, was awarded a construction contract for the Sheridan Project on October 26, 2007. However, there is no doubt that the construction contract is signed by the Town of Sheridan and Big Chief, Inc. (*See* Doc. 9-1 at 2 and 9.) The

5

parties do agree that Big Chief was awarded the Story Project construction contract on November 6, 2007.

Defendant Great American contends that CCS was a subcontractor providing work on the two projects for the prime contractor Big Chief. Great American further contends that RDO had a statutory obligation to provide written notice to Big Chief, the prime contractor, of its provision of equipment to CCS, the subcontractor. *See* Mont. Code Ann. § 18-2-206(2)(a). There appears to be no real dispute that RDO did not provide written notice to Big Chief with regard to the Sheridan Project. There appears to be no real dispute that RDO did provide written notice to Big Chief with regard to the Story Project. (*See* Doc. 21-2 at p. 1.) However, Defendant Great American asserts that the notice to Big Chief was deficient as to the Story Project because it did not provide specific statutory notice as to the items RDO leased to CCS. *See* W.S. § 16-6-121(d) ("The notice . . . shall include the following information: . . . (iii) The type or description of the materials or services provided.").

Plaintiff RDO presents the Affidavit of Donald Sullivan of CRF Solutions

6

("CRF"). Mr. Sullivan avers that CRF was retained by RDO to send the required written notices of right to action on security for both constructions projects to satisfy Montana and Wyoming law. On the Sheridan Project, CRF sent written notices on November 26, 2007, by certified mail, to Defendant Great American and to the Town of Sheridan, in compliance with Mont. Code Ann. § 18-2-206. On the Story Project, CRF sent written notices by certified mail on January 9, 2008, to Big Chief Inc., Defendant Great American, and to the Wyoming Game and Fish Commission, in compliance with W.S. § 16-6-121.

     Donald Sullivan explains in his Affidavit that there are three reasons that CRF did not send a written notice to Big Chief Inc. for the Sheridan Project: (1) the September 17, 2007, minutes of the town council meeting awarding the contract indicated that the contract was awarded to "Chief Construction", (2) Big Chief Inc. is not registered as a Montana corporation, and (3) CRF decided that Big Chief Inc. and CCS are one and the same company. The Affidavit does not explain, however, why CRF did not provide notice of the specific equipment provided as required by Wyoming statute.

There is some factual basis for CRF and RDO's contentions, but in the final analysis, the Court concludes that Big Chief ought to have been notified by CRF as to the Sheridan Project. Big Chief was a registered corporation. (*See* Doc. 22-1.) The contract with the Town of Sheridan was entered into by Big Chief Inc., not "Chief Construction Corporation." (Doc. 9-1 at 9, Def.'s St. Undisp. Fact.) CCS was a registered Montana corporation, and its registered agent was Robert Stoltz. (Doc. 21-3, Ex. C, Affidavit Donald Sullivan.) Given that Big Chief is a registered Montana corporation, there appears to be no genuine issue of material fact as to which entity was the prime contractor on the Sheridan Project. Written notice was not provided to Big Chief by RDO as to the Sheridan Project, and not with the requisite specificity as to the Story Project, and therefore the requirements of the notice statutes were not met.

Thus, Defendant Great American asserts that Plaintiff RDO cannot maintain an action against the surety bond without having first given proper notices to the contractor. This is the plain meaning of the statute. There appears to be no genuine issue of material fact and related issues of law that would preclude

summary judgment, and Defendant Great American's Motion for Summary Judgment should be granted. Accordingly,

IT IS HEREBY ORDERED that Defendant Great American's Motion for Summary Judgment (Document 7) is GRANTED. Plaintiff's First Amended Complaint is DISMISSED, and all relief is denied to Plaintiff. Let judgment enter.

Done and dated this 22nd day of March, 2010.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE